PER CURIAM:
WRIT GRANTED. Defendant filed a motion pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), to be resentenced for a second degree murder he committed as a juvenile in 1977. Since that motion was filed, the legislature in 2017 La. Acts 277, amended La.C.Cr.P. art. 878.1 to provide that if an *564 offender was indicted for first or second degree murder prior to August 1, 2017, and no hearing was held pursuant to La.C.Cr.P. art. 878.1 prior to that same date, the district attorney had 90 days within which to file notice of intent to seek a life sentence without the possibility of parole for such an offender. La.C.Cr.P. art. 878.1(B)(1). Absent that notice of intent from the district attorney, such an offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination. La.C.Cr.P. art. 878.1(B)(1).
Accordingly, we vacate relator's sentence and remand to the district court to determine whether the state has timely filed a notice of intent to seek a sentence of life imprisonment without the possibility of parole for relator. If it did timely file such notice, the district court shall conduct a hearing to determine whether relator's sentence shall be imposed with parole eligibility, see La.C.Cr.P. art. 878.1(B)(1), and whether he is among the limited class of "rare juvenile offender[s] whose crime reflects irreparable corruption." Miller , 567 U.S. at 479-80, 132 S.Ct. at 2469 (quoting Roper v. Simmons , 543 U.S. 551, 573, 125 S.Ct. 1183, 1197, 161 L.Ed.2d 1 (2005) ).
In the event the district court conducts a hearing and finds relator not entitled to parole eligibility pursuant to La.C.Cr.P. art. 878.1 and R.S. 15:574.4, relator's original sentence of life without the benefit of parole, probation, or suspension of sentence for a period of 40 years shall be imposed once again to enable him to receive the benefit of the recent ameliorative action taken in 2017 La. Acts 280 and to avoid any ex post facto concerns. See Collins v. Youngblood , 497 U.S. 37, 43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) ("Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts.").
If the state failed to timely file notice of intent, relator shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination. La.C.Cr.P. art. 878.1(B)(1).